Jeremiah D. Graham
CA Bar No. 313206
11956 Bernardo Plaza Dr., Pmb 20968
San Diego, CA 92128
TELEPHONE: 619.633.5110
FASCIMILE: 619.330.4579

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

ABIDING PLACE MINISTRIES, a Church;

      Plaintiff,

      v.

WILMA J. WOOTEN, Public Health Officer
for San Diego County, in her official capacity;
the COUNTY OF SAN DIEGO; and DOES 1
through 100, inclusive,

      Defendants.

CASE NO.   **'20 CV 0683 BAS AHG**

**VERIFIED COMPLAINT FOR
TEMPORARY RESTRAINING ORDER,
DECLARATORY RELIEF, INJUNCTIVE
RELIEF AND DAMAGES**

## COMPLAINT

Plaintiff Abiding Place Ministries (the "Church") brings this Free Exercise case against (1) Wilma J. Wooten, in her official capacity as the Public Health Officer of San Diego County; (2) The County of San Diego; and, (3) DOES 1 through 100, inclusive, and alleges as follows:

### INTRODUCTION

1.    Abiding Place Ministries brings this suit to challenge the "Order of the Health Officer and Emergency Regulations" promulgated by the Defendants on April 8, 2020 (hereinafter, the "Order," attached as Exhibit 1), which brings a sweeping ban on Assembly, and especially Religious Assembly, that is unconstitutional on-its-face and as applied, because it is not narrowly tailored and does not permit less restrictive means to achieve the government's interest without burdening the Plaintiffs' Constitutional Rights.

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF,
INJUNCTIVE RELIEF AND DAMAGES**

2.     The challenged order specifically prohibits religious gatherings while allowing exceptions for more than one hundred (100) broad categories of non-religious businesses and activities without any limitations, including allowing gatherings of workers and customers of those businesses and activities.

3.     The Order is not a neutral law of general applicability because it targets a Constitutionally protected activity (Assembly), while significantly burdening the Free Exercise of Religion, and providing broad exemptions for many activities that are not constitutionally protected.

## JURISDICTION AND VENUE

4.     The Court has original jurisdiction over Plaintiff's Federal Claim under US Const., Art. III, Sec 2, and under 28 U.S.C. §§ 1331 and 1343 (a)(3), because this claim arises out of the First Amendment to the United States Constitution.

5.     The Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367 because the state law claim is so related to the claim over which the Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

6.     The Court may award damages pursuant to 42 U.S.C. § 1983.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as all defendants reside in the judicial district, and are residents of the State of California and the events that gave rise to this action occurred within this district.

8.     The Court has personal jurisdiction over all named Defendants because they are all residents of the County of San Diego, and the State of California, and the Order that is being challenged is jurisdictionally limited to this judicial district.

## PARTIES

9.     Plaintiff Abiding Place Ministries is a 501(c)(3) corporation formed and duly operating as a Church under the Laws of the State of California. Hereinafter, every reference to the Church includes its members.

///

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

10.     Plaintiff is informed and believes, and thereon alleges, that Defendant Wilma J. Wooten is the Public Health Officer for San Diego County (Hereinafter, the "Public Health Officer"), and responsible for the promulgation of the Order.

11.     Plaintiff is informed and believes, and thereon alleges, that the County of San Diego is a public entity duly formed and organized under the laws of the State of California (Hereinafter, the "County"), and that it is responsible for promulgating, interpreting and enforcing the Order.

12.     Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sues them by fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are discovered. Plaintiff is informed and believes and thereon alleges that each of these Defendants are responsible in some manner for the wrongful acts alleged in this Complaint with respect to actions infringing on Plaintiff's Constitutional Rights, and proximately caused Plaintiff's damages.

13.     Unless specifically indicated otherwise, reference to the Public Health Officer and the County includes by reference DOE defendants 1 through 100. The Public Health Officer, the County and DOES 1 through 100 are hereinafter singularly referred to as "DEFENDANT" and collectively as "DEFENDANTS."

## FACTUAL BACKGROUND

### The Church

14.     Abiding Place Ministries is a Church that was founded in San Diego County, and officially incorporated as a Church on February 21, 1986.

15.     Every Sunday, since that date, Abiding Place Ministries has assembled as a Church in San Diego County.

16.     Abiding Place Ministries, and its members, who together make up the Church, believe that a physical assembly in one place on the Lord's day is an essential part of their worship, such that failure to assemble is an unconscionable violation of God's commands.

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

17.     The Church is a small congregation, normally having less than one hundred (100) persons at its Sunday meeting.

18.     The Church congregation considers itself to be family, and all its members works in close proximity with all other members during the week, being employed in essential sectors on their mission base and around the County.

### *The Order*

19.     In an attempt to "slow the transmission" of COVID-19, "to protect vulnerable members of the public," "to reduce the number of individuals who will be exposed to COVID-19," and to "preserve critical and limited healthcare capacity in the county," the DEFENDANTS have promulgated and sought to enforce the Order against the Church.

20.      The Order is an administrative order, made by the Public Health Officer, and states that a violation of the Order is subject to fine, imprisonment or both.

21.     The Order is promulgated under Health and Safety Code §§ 101040, 120175 and 120175.5(b), which allow the Public Health Officer to take necessary preventative measure (i.e. abatement, correction, removal, or other protective step against an actual public health hazard), and issue orders to other governmental entities.

22.     The Order is directed to every person in San Diego County and directs all persons "to remain in their homes or at their places of residence" (subject to broad categories of exemptions) and prohibits all "public or private 'gatherings' as defined" in the Order.

23.     Gatherings are defined as "any event or convening that brings together more than one person in a single room or single indoor or outdoor space at the same time, including people in multiple vehicles in one location."

24.     "[E]mployees or customers travelling to or from essential businesses or activities" as defined in the Order, are excepted from the Order.

25.     Furthermore, family gatherings, gatherings at airports, gatherings on public transportation, and gatherings at "essential business" as defined in the Order, are exempted from the prohibition on "gatherings."

///

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

26.     The Order defines essential businesses or activities as "any business or activity… designated by the State Public Health Officer as "Essential Critical Infrastructure Workers" set forth in" the document attached as Exhibit 2.

27.     Exhibit 2 includes more than one-hundred-and-fifty (150) broad categorical exemptions for business activities that are considered to be essential, including, but not limited to: cannabis retailers, grocery stores, pharmacies, supermarkets, big box stores, banks, convenience stores, pet supply stores, auto supply and repair shops, hardware and home improvement stores, home appliance retailers, the entertainment industry, studios, establishments related to the entertainment industry, laundromats, government facilities, television stations, radio stations, the press, mental health facilities, and psychiatric facilities.

28.     In addition to the more than one-hundred-and-fifty (150) broad categorical exemptions designated by the State Public Health Officer, the Order also refers to businesses and activities referenced in Executive Order N-33-20, which references sixteen broad and undefined "federal critical infrastructure sectors" identified by the Department of Homeland Security, including a "Commercial Facilities Sector" which the Department of Homeland Security states consists of eight (8) subsectors, including: "Outdoor Events (e.g. theme and amusement parks, fairs, campgrounds, parades)" and "public assembly (e.g. arenas, stadiums, aquariums, zoos, museums, convention centers)," along with "entertainment and media," "gaming," "retail," "sports leagues," and two other broad categories.

29.     While exempting these, and other "essential business" from the rule prohibiting gatherings and requiring everyone to stay-at-home, this definition places a limit on the Free Exercise of Religion that is not placed on any other activity, only exempting "[f]aith based services" if they "are provided through streaming or other technology."

30.     This limitation is vague and requires some explanation, which was provided in a letter from the Public Health Officer to the Pastor of the Church, which is attached as Exhibit 8 and states "…you and your employees who are essential for the operation of equipment necessary to support the streaming of your services may travel to your facility. However, members of your congregation are not allowed to travel to your site. This would be an unlawful gathering, even if

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

they remain in their vehicles as they did last Sunday… If the members of your congregation do not abide my Order, the Sheriff will take actions necessary to enforce the Order."

31.     The Order allows gatherings for a multitude of businesses and activities that are not constitutionally protected, only requiring them to enact social distancing and increased sanitation standards. However, it does not allow a Church, which is protected by the First Amendment of the Constitution, to gather, even if it enacts the strictest possible social distancing and the highest possible sanitation standards.

### The Church's Efforts

32.     The Church has sought to work with County officials, including the Public Health Officer, and the County Sheriff, to find a way to assemble while advancing the Government's interests, including enacting social distancing and increased sanitation standards.

33.     The Church has made three specific proposals in written form, and a number of ancillary proposals, including enforcing social distancing at its services, requiring congregants to wear protective gear (including hazmat suits), assembling in vehicles, assembling by family units spread out over a large area and not permitted to interact with any other family units. The three specific proposals are attached as Exhibits 3, 4 and 5.

34.     Letters exchanged between the Church and DEFENDANTS related to these efforts are attached as Exhibits 6, 7 and 8.

35.     The Church has also offered to assemble limited by any guidance or restrictions imposed by County officials.

36.     The DEFENDANTS have informed the Church that if they assemble, no matter what precautions they take, they will be in violation of the Order, and the Order will be enforced against them, including misdemeanor charges, and possible arrest, fine and imprisonment.

37.     On April 8, 2020, Counsel for the Church asked if the DEFENDANTS would be willing to meet with the Church to discuss alternatives, and the DEFENDANTS refused to meet with the Church.

///

///

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

**FIRST CLAIM**

**(First and Fourteenth Amendment – Free Exercise)**

38.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in paragraph 1 through 37 of this Complaint as though fully set forth herein.

39.     The First Amendment of the United States Constitution provides that "Congress shall make no law… prohibiting the free exercise [of religion]." Under the Fourteenth Amendment, this prohibits every level of state and local government from making a law prohibiting the free exercise of religion.

40.     On its face or as applied, the Order violates the First Amendment Free Exercise Clause because it constitutes an overbroad restriction on the Free Exercise of Religion and on the corollary First Amendment right to assembly.

41.     On its face or as applied, the Order violates the Free Exercise Clause because it impermissibly places more stringent restrictions on the Church than are placed on secular businesses.

42.     On its face or as applied, the Order violates the Free Exercise Clause because it allows a large number of secular gatherings, while prohibiting religious gatherings.

43.     On its face or as applied, the Order violates the Free Exercise Clause because it is not narrowly tailored, and it is not the least restrictive means to accomplish a compelling governmental interest.

44.     On its face or as applied, the Order violates the Free Exercise Clause because it constitutes a prior restraint on the exercise of the Church's Free Exercise rights.

45.     On its face or as applied, the Order violates the Free Exercise Clause because it exempts a large number of businesses and activities that are not protected by the Constitution, while not providing a sufficiently equivalent exemption for protected First Amendment activity.

46.     On its face or as applied, the Order violates the Free Exercise Clause because it prohibits the Free Exercise of Religion, and abridges the right to assembly, and deprives the Church, and its members, of liberty, without due process of law.

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

47.     On its face or as applied, the Order violates the Free Exercise Clause because it burdens the Free Exercise of Religion and is vague and overbroad.

48.     On its face or as applied, the Order violates the Free Exercise Clause because it is not neutral, purporting to treat religious activity differently than every other category of activity.

49.     On its face or as applied, the Order violates the Free Exercise Clause because it is not generally applicable, prohibiting religious services while exempting substantial comparable conduct that is not religiously motivated.

## SECOND CLAIM

**(First and Fourteenth Amendment; California Const., Article I, § 3(a) – Assembly)**

50.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in paragraph 1 through 49 of this Complaint as though fully set forth herein.

51.     The First Amendment of the United States Constitution provides that "Congress shall make no law… abridging… the right of the people peaceably to assemble.

52.     Article I, Section 3(a) of the California Constitution provides: "The people have the right to… assembly freely to consult for the common good."

53.     On its face or as applied, the Order operates as a sweeping abridgement of the right of the people peaceably to assemble, banning all "gatherings" that are not exempted by the Order.

54.     On its face or as applied, the Order violates the Assembly clause because it does not leave open sufficient alternative channels for the Church to exercise its right to Assemble.

55.     On its face or as applied, the Order violates the Assembly clause because it treats some assemblies as more essential than others based on arbitrary reasons.

56.     On its face or as applied, the Order violates the Assembly clause because it treats a wide variety of secular gatherings that are not otherwise protected by the Constitution as more essential than a gathering in exercise of the Church's Free Exercise right.

57.     On its face or as applied, the Order violates the Assembly clause because it is not content neutral.

///

///

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

58.    On its face or as applied, the Order violates the Assembly clause because it is not narrowly tailored and is not the least restrictive means to accomplish a compelling governmental interest.

59.    On its face or as applied, the Order violates the Assembly clause because it functions as a prior restraint of the Church's right to Assemble on its own property.

60.    On its face or as applied, the Order violates the Assembly clause, because it abridges the right to Assembly without a showing of clear and present danger, interference with public property or other immediate threat to public safety or order.

61.    On its face or as applied, the Order violates the Assembly clause because it provides no justification for why it treats some Assemblies as essential, and others as non-essential.

62.    On its face or as applied, the Order violates the Assembly clause because it is vague and overbroad.

## THIRD CLAIM

### (Fifth Amendment – Due Process)

63.    Plaintiff hereby alleges and incorporates by reference each and every allegation contained in paragraph 1 through 62 of this Complaint as though fully set forth herein.

64.    On its face or as applied, the Order violates the Due Process Clause because it deprives the Church, and its members, of the liberty to assemble and freely exercise their religion without first providing them an opportunity to be heard.

65.    On its face or as applied, the Order violates the Due Process Clause because it deprives the Church, and its members, of the use and enjoyment of their property for a lawful purpose without first providing them an opportunity to be heard.

66.    On its face or as applied, the Order violates the Due Process Clause because it violates Constitutional separation of power principles, being promulgated and enforced by the same government official.

///

///

9

67.     On its face or as applied, the Order violates the Due Process Clause because its promulgation violated Constitutional non-delegation principles, being an exercise of broad lawmaking authority by an executive official.

68.     On its face or as applied, the Order violates the Due Process Clause because it deprives the Church, and its members, of their right to equal protection under the law, subjecting their activity to heightened restrictions not afforded to other secular activities.

69.     On its face or as applied, the Order violates the substantive elements of the Due Process Clause because it deprives the Church, and its members, of their right to Freedom of Movement and Association.

70.     On its face or as applied, the Order violates the substantive elements of the Due Process Clause because it deprives the Church of its privileges and immunities under the United States Constitution.

## FOURTH CLAIM

### (Unlawful Order – Arbitrary, Unreasonable and Oppressive)

71.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in paragraph 1 through 70 of this Complaint as though fully set forth herein.

72.     On its face or as applied, the Order is arbitrary, unreasonable and oppressive because it applies to vast numbers of persons who have had no exposure to the disease at all.

73.     On its face or as applied, the Order is arbitrary, unreasonable and oppressive because it goes beyond what is reasonably required to safeguard the public.

74.     On its face or as applied, the Order is arbitrary, unreasonable and oppressive because it leads to injustice, oppression and absurd consequences.

75.     On its face or as applied, the Order is arbitrary, unreasonable and oppressive, because it discriminates against religious activity.

## FIFTH CLAIM

### (Unlawful Order – Exceeds Statutory Authority)

76.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in paragraph 1 through 75 of this Complaint as though fully set forth herein.

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

77.     The Order is made pursuant to California Health and Safety Code sections 101040, 120175, and 120175.5(b), none of which authorize a sweeping abridgement of the rights to freely and peaceably assembly, or to free exercise of religion.

78.     The Order exceeds the authority provided by to the Public Health Officer by Statute, because it is not a necessary preventative measure (i.e. abatement, correction, removal, or other protective step against an actual public health hazard), and this is an order issued to the general public and not to other governmental entities as allowed by statute.

79.     Under California Health and Safety Code § 120175.5(b), the Public Health Officer only has authority to promulgate orders directed to "other governmental entities," and not to the general public.

80.     The California Health and Safety Code, and the laws of the State of California and of the United States, provides specific instances and procedures for isolation and quarantine, that have not been followed in the promulgation of this order.

### SIXTH CLAIM

### (Deprivation of Rights – 42 U.S.C. § 1983)

81.     Plaintiff hereby alleges and incorporates by reference each and every allegation contained in paragraph 1 through 80 of this Complaint as though fully set forth herein.

82.     The DEFENDANTS have, under color of the Order, and or other authorization, subjected the Church to deprivation of rights.

83.     The DEFENDANTS have deprived the Church of its right to Free Exercise of Religion, its right to unabridged peaceful assembly, its right to assemble freely to consult for the common good, and its due process rights, as set forth in this Complaint.

///

///

///

///

///

///

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against Defendant as follows:

1. Granting the Plaintiff's concurrently filed motion for a temporary restraining order;

2. Declaring enforcement of the Order against the Church to be unlawful and/or a violation of the Church's rights;

3. Granting an order preliminarily, and thereafter, permanently enjoining DEFENDANTS and DEFENDANTS' officers, agents, affiliates, servants, successors, employees, and any other persons who are in active concert or participation with any of the foregoing persons from enforcing the Order against Plaintiff;

4. Entry of judgment for Plaintiff and against Defendants for deprivation of rights, including an award of damages in an amount to be determined by the Court;

5. Awarding punitive damages against any Defendant found not to be acting in an official capacity when depriving the Plaintiff of her rights;

6. Awarding Plaintiff's costs and attorneys' fees as authorized by Fed. R. Civ. P. 54, 42 U.S.C. § 1988, and/or any other applicable law.

7. Awarding such further relief as the Court deems just and proper.


*Respectfully Submitted,*

DATED: 4/9/20
San Diego, CA

**Jeremiah Graham**
11956 Bernardo Plaza Dr., Pmb 20968
San Diego, CA 92128
T: (619) 633-5110
jeremiahdgraham@gmail.com
*Attorney for Plaintiff*
*ABIDING PLACE MINISTRIES*

12

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY RELIEF,
INJUNCTIVE RELIEF AND DAMAGES**