UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIDING PLACE MINISTRIES,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, in his official capacity as the Governor of California, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 20-cv-683-BAS-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[ECF No. 24]** |

　　　　Plaintiff Abiding Place Ministries challenges the stay-at-home and other orders issued by California Governor Gavin Newsom, and the corresponding orders issued by the County of San Diego. The stay-at-home orders were issued in an attempt to slow the spread of the novel coronavirus, also known as COVID-19.

　　　　Plaintiff filed a complaint against the County of San Diego and Public Health Officer of San Diego County Wilma J. Wooten, seeking a temporary restraining order and declaratory relief. (ECF No. 1.) Plaintiff also filed a motion for temporary restraining order on April 9, 2020, asking the Court to enjoin the county order so the church could assemble for Easter service on April 12, 2020. The Court held a

1  telephonic hearing and denied the motion. (ECF Nos. 2, 10.)

2        Plaintiff filed an amended complaint against Defendants Gavin Newsom, Xavier Becerra, Sonia Y. Angell, and the County of San Diego. (First Amended Complaint, "FAC," ECF No. 22.) Plaintiff then filed a motion for preliminary injunction. ("Mot.," ECF No. 24.) The County filed a response in opposition to the Motion (ECF No. 42), as did the State Defendants (ECF No. 46). Plaintiff filed a reply, and the State Defendants filed a sur-reply. (ECF Nos. 48, 55.) The Court held a telephonic hearing on the Motion on June 3, 2020. For the reasons stated below, the Court **DENIES** the Motion.

## I.  FACTUAL BACKGROUD

      San Diego County, like most if not all other counties in the United States, has been impacted by the COVID-19 pandemic. COVID-19 is the disease caused by the coronavirus, which was first detected in China in December 2019 and has since spread worldwide. The CDC determined that COVID-19 is spread primarily through in-person interactions, either "[b]etween people who are in close contact with one another" or "[t]hrough respiratory droplets produced when an infected person coughs, sneezes or talks." *See* CDC, How COVID-19 Spreads (last updated June 1, 2020), https://www.cdc.gov/corona-virus/2019-ncov/prevent-getting-sick/how covid-spreads.html. It can even be spread by those who are not showing symptoms and do not know they are infected with the virus. *Id.* Thus, the CDC currently recommends that everyone practice social distancing. Social distancing requires staying at least six feet away from other people and "avoid[ing] large and small gatherings." *See* CDC, What is Social Distancing? (last updated May 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html.

      As of the date of this Order, there is no vaccine for the coronavirus. Although scientists and researchers are hopeful about potential vaccines that are currently being tested, as of now, everyone is at risk. The numbers of those infected by the

virus continues to grow. *See* COVID-19 Statewide Update, https://update.covid19.ca.gov/ (last updated June 3, 2020).

Given the above, on March 4, 2020, Defendant Gavin Newsom, the Governor of California, declared a State of Emergency due to the pandemic. On March 13, 2020, President Donald Trump declared a national emergency. On March 19, 2020, Governor Newsom issued Executive Order N-33-20, which directed all residents to "immediately heed the current State public health directives" including the March 19, 2020 Order of the State Public Health Officer. (Exhibit A to FAC, ECF No. 22-1.) The State Public Health Officer ordered "all individuals living in the State of California to stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors." (*Id.*) Californians could leave their homes "to obtain or perform [certain] functions . . ., or to otherwise facilitate authorized necessary activities." The Public Health Officer was permitted to "designate additional sectors as critical in order to protect the health and well-being of all Californians." (*Id.*) On March 22, 2020, the State published a list of "'Essential Critical Infrastructure Workers' to help state, local, tribal and industry partners as they work to protect communities." (Exhibit D to FAC, ECF No. 22-4.)

As relevant here, one essential business category on that list is "Faith based services that are provided through streaming or other technology." (*Id.* at 11.) On April 28, 2020, that category was changed to be: "Clergy for essential support and faith-based services that are provided through streaming or other technologies that support physical distancing and state public health guidelines." (Exhibit E to FAC, ECF No 22-5.) The Governor later clarified that this exemption from his stay-at-home order allows not only online streaming of religious services (and the work of individuals necessary to set up and run the streaming equipment), but also permits drive-in style services "provided congregants do not leave their cars and refrain from direct or indirect physical contact." (ECF No. 46, at 4.) On May 25, 2020, Governor

Newsom announced new guidelines for places of worship that allow in-person worship services to resume, subject to county approval and compliance with certain public health requirements. The County of San Diego adopted the guidelines on May 26, 2020. The requirements limit attendance to 100 persons, or 25% of building capacity, whichever is lower. (Exhibit A to Reply, ECF No. 48-1.)

Plaintiff's Motion was filed prior to the new guidelines and brings challenges to the Governor's stay-at-home order for various reasons. Plaintiff brings claims for violation of the Free Exercise Clause, the Establishment Clause, the Free Speech Clause, the Freedom of Assembly Clause, the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause, and various sections of the California Constitution.[1] Plaintiff moves for a temporary restraining order and an order to show cause why a preliminary injunction should not be issued, seeking the following order: "Defendants, as well as their agents, employees, and successors in office, shall be restrained and enjoined from enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with any prohibition on Plaintiff's engagement in religious services, practices, or activities at which the Center for Disease Control's social distancing guidelines are followed." (Mot. at 23.)

## II.  LEGAL STANDARD

The standard for a temporary restraining order and preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

---

[1] Although not relevant to the Court's rulings below, it is worth mentioning that on May 29, 2020, the Supreme Court issued a decision on an application for injunctive relief in *South Bay United Pentecostal Church v. Newsom*, a case appealed from this Court. The Supreme Court declined to issue an injunction in favor of the church, finding California's guidelines that place restrictions on places of worship are consistent with the Free Exercise Clause of the First Amendment. *S. Bay United Pentecostal Church v. Newsom*, No. —— S.Ct. ——, 2020 WL 2813056 (May 29, 2020).

in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 21 (2008)).

**III.   ANALYSIS**

Considering the substantial changes to the State and County orders that have occurred since Plaintiff filed its operative complaint and Motion, the Court first addresses the issue of mootness.

The Constitution limits the federal judicial power to designated "cases" and "controversies." U.S. Const., Art. III, § 2. "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citation omitted). A federal court must dismiss a case for lack of jurisdiction if it becomes moot. *Pitts*, 653 F.3d at 1086–87.

Plaintiff seeks to "privately assemble away from the general public in the open air on a large, private ranch." (PI Mot. at 1.) Plaintiff has a "small congregation, with less than 100 persons typically present at its Sunday meeting." (FAC ¶ 25.) Plaintiff "moves for a preliminary injunction to enjoin the County and all persons acting at the County's direction from applying the County's Order of the Health Officer and Emergency Regulations (Effective April 9, 2020) against Abiding Place Ministries." (*Id*. at 3.) In sum and as noted above, Plaintiff asks that: "Defendants, as well as their agents, employees, and successors in office, shall be restrained and enjoined from enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with any prohibition on Plaintiff's engagement in religious services, practices, or activities at which the Center for Disease Control's social distancing guidelines are followed." (*Id*. at 23.)

1    The State's May 25 guidelines, which the County has adopted, allow Plaintiff's congregation (of less than 100 persons) to meet as long as certain CDC guidelines are followed. These most recent guidelines supersede any prior orders. While "'repeal or amendment of an ordinance by a local government or agency does not necessarily deprive a federal court of its power to determine the legality of the practice' at issue," "[a] statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citations omitted); *see also Twitter, Inc. v. Lynch*, 139 F. Supp. 3d 1075, 1081 (N.D. Cal. 2015) ("[W]hen subsequent legislation or rulemaking supersedes challenged regulations or rules, the challenge is moot."). Plaintiff challenges the prior State and County orders, not the May 25 guidelines. The prior orders are no longer in effect.

Any further arguments made by Plaintiff at oral argument—e.g., Plaintiff wants to hold a wedding at its church, its members do not wish to wear masks while singing, the new guidelines are unclear, and the church should not be compelled to tell members to stay home if they are sick—were not made in Plaintiff's amended complaint or its Motion. For a federal court to issue an injunction, there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

/ / /

1    Because the amended complaint and the preliminary injunction Motion do not
2    challenge the May 25 guidelines, and because the May 25 guidelines superseded the
3    orders challenged in Plaintiff's papers, Plaintiff's Motion is moot.  On this basis, the
4    Court **DENIES** Plaintiff's Motion for Preliminary Injunction.

5        **IT IS SO ORDERED.**
6    **DATED: June 4, 2020**

                                                                  */s/ Cynthia Bashant*
                                                          **Hon. Cynthia Bashant**
                                                         **United States District Judge**